**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| In re: <br><br> NEW ENGLAND CONFECTIONERY COMPANY, INC., <br><br> Debtor <br><br> HAROLD B. MURPHY, CHAPTER 7 TRUSTEE OF NEW ENGLAND CONFECTIONERY COMPANY, INC., <br><br> Plaintiff <br><br> v. <br><br> ACAS, LLC, ARES CAPITAL CORPORATION, ARES CAPITAL MANAGEMENT LLC, MICHAEL MCGEE, MYUNG YI, ANUJ KHANNA, GORDON O'BRIEN, STEPHEN CHEHI, DANIEL KATZ, DOUGLAS WEEKES, AND DAVID EATON, <br><br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Chapter 7 <br> Case No. 18-11217-MSH <br><br><br><br> Adversary Proceeding <br> No. 19-01011 |

**ORDER ON DEFENDANTS ACAS, LLC, ARES CAPITAL CORPORATION, ARES CAPITAL MANAGEMENT LLC, MYUNG YI, ANUJ KHANNA, GORDON O'BRIEN, STEPHEN CHEHI, AND DANIEL KATZ'S MOTION TO DISMISS THE COMPLAINT**

The motion of defendants ACAS, LLC, Ares Capital Corporation, Ares Capital Management LLC (together with Ares Capital Corporation, "Ares"), Myung Yi, Anuj Khanna, Gordon O'Brien, Stephen Chehi, and Daniel Katz (together with Messrs. Yi, Khanna, O'Brien, and Chehi, the "Individual Moving Defendants") to dismiss the complaint in this adversary

1

proceeding having come before me[1], and after considering the parties' written submissions and the arguments of counsel presented at a hearing on April 8, 2019, I hereby enter the following orders with respect to the motion as it relates to the specific counts in the complaint:

**Count I – Breach of Fiduciary Duties – Cannon Deal (Directors Khanna/O'Brien/Weekes/Yi/McGee/Chehi/Katz)**

GRANTED as to claims for breach of the duty of care; DENIED as to claims for breach of the duty of loyalty against all Individual Moving Defendants except Mr. O'Brien, as to whom the motion is GRANTED. The trustee does not assert any facts regarding Mr. O'Brien's involvement in the contemplated Cannon transaction or the decision-making process related to it, so the complaint fails to state a claim as to him. As to each of the remaining Individual Moving Defendants, the trustee plausibly alleges that they, in their dual capacities as directors of NECCO Candy and managers of NECCO Realty, acted for the benefit of ACAS and/or Ares in seeking to extract additional value from the Cannon transaction to the detriment of NECCO Candy and its non-insider creditors.

The trustee's allegations, if proven at trial, would result in a finding that the remaining Individual Moving Defendants had conflicts of interest arising out of their employment with ACAS and/or Ares and as a result failed to act in the best interests of NECCO Candy and its creditors. *See In re Trados Inc. S'holder Litig.*, 2009 WL 2225958, *6, *8 (Del. Ch. July 24, 2009) (at motion to dismiss stage, lack of independence by director can be shown by pleading

---

[1] Defendants Ares Management LLC and Ares Management L.P. joined in the motion but were subsequently dismissed from this adversary proceeding pursuant to the Joint Stipulation of Dismissal Without Prejudice of Defendants Ares Management LLC and Ares Management L.P. [ECF #48]. Individual defendants Michael McGee, Douglas Weekes, and David Eaton filed a separate motion to dismiss [ECF #28] and have not joined this motion.

2

sufficient facts to indicate director is beholden to controlling shareholder); *N. Am. Catholic Edu. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 101 (Del. 2007) (creditors of an insolvent corporation have standing as the residual beneficiaries of the corporation to assert claims on behalf of the corporation for breaches of fiduciary duty against directors of the corporation). The complaint plausibly alleges that NECCO Candy was insolvent on or before the Cannon solicitation. *See Quadrant Structured Prods. Co., Ltd. v. Vertin*, 115 A.3d 535, 556 (Del. Ch. 2015) (creditors have standing to assert fiduciary duty claims as residual beneficiaries when corporation is either balance sheet insolvent or cash flow insolvent). The trustee has alleged facts which, if proven at trial, would demonstrate that NECCO Candy and its creditors were harmed by the failure to complete the Cannon transaction which would have provided a much-needed capital infusion into the company to support the rehabilitation of the business.

The trustee's claim for breach of the duty of loyalty as to the Individual Moving Defendants, except Mr. O'Brien, therefore, will proceed to trial. The claim for breach of the fiduciary duty of care, however, is barred by the exculpatory clause in NECCO Candy's Certificate of Incorporation, *see McPadden v. Sidhu*, 964 A.2d 1262, 1273-74 (Del. Ch. 2008), and the trustee has failed to dispute the validity or applicability of that clause to the duty of care claim.[2]

**Count II – Aiding and Abetting Breach of Fiduciary Duties – Cannon Deal (ACAS)**

DENIED. The trustee plausibly alleges that the director defendants breached their duty of loyalty to NECCO Candy at the direction of ACAS and for the purpose of benefitting ACAS

---

[2] The court may take judicial notice of the certificate of incorporation in deciding a motion to dismiss. *In re Baxter International, Inc. Shareholders Litigation*, 654 A.2d 1268, 1270 (Del. Ch. 1995).

3

rather than NECCO Candy, causing damage to NECCO Candy. *See NHB Assignments LLC v. Gen. Atl. LLC (In re PMTS Liquidating Corp.)*, 526 B.R. 536, 546-47 (D. Del. 2014) (claim against a third party for aiding and abetting a breach of fiduciary duty survives a motion to dismiss if complaint alleges underlying breach of fiduciary duty, knowing participation by third party, and damages).

**Count III – Aiding and Abetting Breach of Fiduciary Duties – Cannon Deal (Ares)**

GRANTED. Although the trustee plausibly alleges that the director defendants breached their duty of loyalty to NECCO Candy at the direction of "Ares" and for the purpose of benefitting "Ares" rather than NECCO Candy, the complaint fails to identify which of the Ares defendants was involved in the wrongdoing. The complaint defines "Ares" as including four separate legal entities: Ares Capital Corporation, Ares Management LLC, Ares Management L.P., and Ares Capital Management LLC. The trustee may file an amended complaint within 30 days of the date of this order setting forth sufficient factual allegations to identify the specific Ares entity(ies) which is the subject of Count III.

**Count IV – Breach of Fiduciary Duties – Termination of Lease/Imposition of New Lease (Katz/Chehi/Weekes/McGee)**

GRANTED as to claims for breach of the duty of care (*see* discussion in Count I); DENIED as to claims for breach of the duty of loyalty. The trustee plausibly alleges that the Count IV defendants breached their duty of loyalty to NECCO Candy by terminating an insider lease as to which no rent payments were expected to be made and replacing it with a third-party lease as to which rent payments would be required and which imposed a near-term relocation obligation at significant expense to NECCO Candy. The plausible allegations in the complaint further support a determination that the Count IV defendants, in their dual capacities as directors

of NECCO Candy and managers of NECCO Realty, acted for the benefit of ACAS/Ares and to the detriment of NECCO Candy and its creditors while it was insolvent.

**Count V – Aiding and Abetting Breach of Fiduciary Duties – Termination of Lease/Imposition of New Lease (ACAS)**

DENIED. The trustee plausibly alleges that the director defendants breached their duty of loyalty to NECCO Candy while acting at the direction of ACAS and for the purpose of benefitting ACAS rather than NECCO Candy, causing damage to NECCO Candy. *See In re PMTS Liquidating Corp.*, 526 B.R. at 546-47.

**Count VI – Aiding and Abetting Breach of Fiduciary Duties – Termination of Lease/Imposition of New Lease (Ares)**

GRANTED. Although the trustee plausibly alleges that the director defendants breached their duty of loyalty to NECCO Candy at the direction of "Ares" and for the purpose of benefitting "Ares" rather than NECCO Candy, the complaint fails to identify which of the Ares defendants was involved in the wrongdoing. The complaint defines "Ares" as including four separate legal entities: Ares Capital Corporation, Ares Management LLC, Ares Management L.P., and Ares Capital Management LLC. The trustee may file an amended complaint within 30 days of the date of this order setting forth sufficient factual allegations to identify the specific Ares entity(ies) whose conduct is at issue for this count.

**Count VIII – Breach of Fiduciary Duties – Misconduct in Connection with Liquidating NECCO Candy's Assets (McGee/Katz/Chehi/Eaton/Weekes)**

GRANTED as to claims for breach of the duty of care (*see* discussion in Count I); DENIED as to claims for breach of the duty of loyalty. The trustee plausibly alleges that the Count VIII defendants breached their duty of loyalty to NECCO Candy by intentionally failing to take necessary actions to preserve the value of NECCO Candy and/or to attempt to rehabilitate

5

the company until after the transfer of the real property to Atlantic was consummated and the one year limitation period had expired with respect to potential avoidance actions arising out of preferential transfers to insiders of the debtor including the filing of a renewed UCC financing statement. The allegations in the complaint plausibly support a determination that the Count VIII defendants did so for the benefit of ACAS/Ares and to the detriment of NECCO Candy and its creditors while it was insolvent.

The moving Count VIII defendants argue that the conduct alleged in support of Count VIII cannot support a claim for breach of the duty of loyalty because the course of conduct at issue was approved "by a majority-independent Board" consisting of Messrs. McGee, Katz, Chehi, Eaton, and Weekes. As discussed in connection with Count I above, the trustee has plausibly alleged that the relevant Individual Moving Defendants, Messrs. Katz and Chehi, were not disinterested for purposes of considering board action which stood to benefit ACAS and/or Ares. The complaint also contains plausible allegations that Mr. McGee was not disinterested in light of his compensation arrangement which was allegedly linked to the sale of assets of NECCO Realty. Accordingly, at least three of the five board members acted under alleged conflicts of interest. Because the moving Count VIII defendants cannot establish that the conduct at issue was approved by a disinterested majority of the board, the defendants must demonstrate at trial the "entire fairness" of the actions taken in order to successfully defend against the claim for breach of the fiduciary duty of loyalty. *See Cumming v. Edens*, 2018 Del. Ch. LEXIS 54, at *51 (Del. Ch. Feb. 20, 2018) (entire fairness standard, which requires defendants to prove that challenged action was entirely fair to minority interest holders, applies where there are insufficient independent directors to establish majority of board).

**Count IX – Aiding and Abetting Breach of Fiduciary Duties – Misconduct in Connection with Liquidating NECCO Candy's Assets (ACAS)**

DENIED. The trustee plausibly alleges that the director defendants breached their duty of loyalty to NECCO Candy at the direction of ACAS and for the purpose of benefitting ACAS rather than NECCO Candy, causing damage to NECCO Candy. *See In re PMTS Liquidating Corp.*, 526 B.R. at 546-47.

**Count X – Aiding and Abetting Breach of Fiduciary Duties – Misconduct in Connection with Liquidating NECCO Candy's Assets (Ares)**

GRANTED. Although the trustee plausibly alleges that the director defendants breached their duty of loyalty to NECCO Candy at the direction of "Ares" and for the purpose of benefitting "Ares" rather than NECCO Candy, the complaint fails to identify which of the Ares defendants was involved in the wrongdoing. The complaint defines "Ares" as including four separate legal entities: Ares Capital Corporation, Ares Management LLC, Ares Management L.P., and Ares Capital Management LLC. The trustee may file an amended complaint within 30 days of the date of this order setting forth sufficient factual allegations to identify the specific Ares entity(ies) whose conduct is at issue for this count.

SO ORDERED:

December 4, 2019.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge