## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re:<br><br>NEW ENGLAND CONFECTIONERY COMPANY, INC.,<br><br>      Debtor<br><br>HAROLD B. MURPHY, CHAPTER 7 TRUSTEE OF NEW ENGLAND CONFECTIONERY COMPANY, INC.,<br><br>      Plaintiff<br><br>v.<br><br>ACAS, LLC, ARES CAPITAL CORPORATION, ARES CAPITAL MANAGEMENT LLC, MICHAEL MCGEE, MYUNG YI, ANUJ KHANNA, GORDON O'BRIEN, STEPHEN CHEHI, DANIEL KATZ, DOUGLAS WEEKES, AND DAVID EATON,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br>Case No. 18-11217-MSH<br><br><br><br><br>Adversary Proceeding<br>No. 19-01011 |

**ORDER ON DEFENDANTS MICHAEL MCGEE, DOUGLAS WEEKES, AND DAVID EATON'S MOTION TO DISMISS COUNTS I, IV, VII AND VIII OF THE COMPLAINT**

The motion of defendants Michael McGee, Douglas Weekes, and David Eaton

(collectively, the "Moving Defendants") to dismiss the complaint in this adversary proceeding

having come before me[1], and after considering the parties' written submissions and the

---

[1] Defendants ACAS, LLC, Ares Capital Corporation, Ares Capital Management LLC, Myung Yi, Anuj Khanna, Gordon O'Brien, Stephen Chehi, and Daniel Katz filed a separate motion to dismiss [ECF #26] and have not joined this motion. Defendants Ares Management LLC and Ares Management L.P. joined in the motion to dismiss filed by ACAS, LLC *et al.* but were

arguments of counsel presented at a hearing on April 8, 2019, I hereby enter the following orders

with respect to the motion as it relates to the specific counts in the complaint:

**Count I – Breach of Fiduciary Duties – Cannon Deal (Directors Weekes /McGee)**

GRANTED. With respect to a claim for breach of the duty of loyalty, the trustee does not

assert any facts indicating that Mr. Weekes was beholden to ACAS and/or Ares with respect to

the contemplated Cannon transaction or that he was involved in the allegedly improper scheme

to circumvent Cannon, so the complaint fails to state a claim as to him. *See In re Cornerstone*

*Therapeutics Inc, Stockholder Litigation*, 115 A.3d 1173, 1182 (Del. 2015) ("[E]ach director has

a right to be considered individually when the directors face claims for damages in a suit

challenging board action."). As for Mr. McGee, while the trustee plausibly alleges that Mr.

McGee, in his dual capacity as director of NECCO Candy and manager of NECCO Realty, acted

under a conflict of interest, the complaint does not assert any allegations of wrongdoing by Mr.

McGee in connection with the Cannon deal. The trustee asserts only that Ares/ACAS, through

their employees Messrs. Chehi, Katz, Khanna, and Yi, worked to renegotiate the contemplated

Cannon transaction for the benefit of ACAS and/or Ares in seeking to extract additional value

from the transaction to the detriment of NECCO Candy and its non-insider creditors. Absent

allegations of wrongdoing on the part of Mr. McGee with respect to the Cannon deal, the claim

for breach of the duty of loyalty against him must fail as well. *See id.*

---

subsequently dismissed from this adversary proceeding pursuant to the Joint Stipulation of
Dismissal Without Prejudice of Defendants Ares Management LLC and Ares Management L.P.
[ECF #48]. The Court entered an order on December 4, 2019 [ECF #63] granting in part and
denying in part the motion to dismiss filed by ACAS, LLC *et al.*

The trustee's claim for breach of the fiduciary duty of care against Messrs. Weekes and McGee is barred by the exculpatory clause in NECCO Candy's Certificate of Incorporation, *see McPadden v. Sidhu*, 964 A.2d 1262, 1273-74 (Del. Ch. 2008), and the trustee has failed to dispute the validity or applicability of that clause to the duty of care claim.[2]

**Count IV – Breach of Fiduciary Duties – Termination of Lease/Imposition of New Lease (Weekes/McGee)**

GRANTED as to claims for breach of the duty of care against both Messrs. Weekes and McGee (*see* discussion as to Count I); DENIED as to claims for breach of the duty of loyalty against Mr. McGee; GRANTED as to claims for breach of the duty of loyalty against Mr. Weekes. The trustee plausibly alleges that Mr. McGee breached his duty of loyalty to NECCO Candy by terminating an insider lease with NECCO Realty as to which no rent payments were expected to be made and replacing it with a third-party lease with Atlantic as to which rent payments would be required and which imposed a near-term relocation obligation at significant expense to NECCO Candy. The plausible allegations in the complaint further support a determination that Mr. McGee, in his dual capacity as director of NECCO Candy and manager of NECCO Realty, acted for the benefit of ACAS/Ares and to the detriment of NECCO Candy and its creditors while it was insolvent. As for Mr. Weekes, the trustee fails to assert any facts indicating that he was beholden to ACAS and/or Ares with respect to the decision to terminate the NECCO Realty lease and enter into the new lease with Atlantic, so the complaint fails to

---

[2] The court may take judicial notice of the certificate of incorporation in deciding a motion to dismiss. *In re Baxter International, Inc. Shareholders Litigation*, 654 A.2d 1268, 1270 (Del. Ch. 1995).

state a claim as to him. *See In re Cornerstone Therapeutics Inc, Stockholder Litigation*, 115 A.3d at 1182.

The trustee's allegations, if proven at trial, would result in a finding that Mr. McGee had a conflict of interest arising out of his compensation arrangement which was allegedly linked to the sale of assets of NECCO Realty and that he acted at the direction of ACAS and/or Ares in connection with the termination of the NECCO Realty lease and the execution of the replacement lease with Atlantic, and as a result he failed to act in the best interests of NECCO Candy and its creditors. *See In re Trados Inc. S'holder Litig.*, 2009 WL 2225958, *6, *8 (Del. Ch. July 24, 2009) (at motion to dismiss stage, lack of independence by director can be shown by pleading sufficient facts to indicate director is beholden to controlling shareholder); *N. Am. Catholic Edu. Programming Found., Inc. v. Gheewalla*, 930 A.2d 92, 101 (Del. 2007) (creditors of an insolvent corporation have standing as the residual beneficiaries of the corporation to assert claims on behalf of the corporation for breaches of fiduciary duty against directors of the corporation). The complaint plausibly alleges that NECCO Candy was insolvent on or before the termination of the NECCO Realty lease and the execution of the Atlantic lease. *See Quadrant Structured Prods. Co., Ltd. v. Vertin*, 115 A.3d 535, 556 (Del. Ch. 2015) (creditors have standing to assert fiduciary duty claims as residual beneficiaries when corporation is either balance sheet insolvent or cash flow insolvent). The trustee has alleged facts which, if proven at trial, would demonstrate that NECCO Candy and its creditors were harmed by the substitution of a burdensome lease with a third-party landlord for a lease with a related-entity landlord under which no payments had been made for several years without negative consequence.

The trustee's claim for breach of the duty of loyalty as to Mr. McGee, therefore, will

proceed to trial.

**Count VII – Breach of Fiduciary Duties – Signing Lease Termination as CEO of Both
NECCO Realty MA I & NECCO Candy and Signing New Lease (McGee)**

GRANTED as to claims for breach of the duty of care (*see* discussion as to Count I);

DENIED as to claims for breach of the duty of loyalty. The trustee plausibly alleges that Mr.

McGee breached his duty of loyalty to NECCO Candy by terminating an insider lease with

NECCO Realty as to which no rent payments were expected to be made and replacing it with a

third-party lease with Atlantic as to which rent payments would be required and which imposed a

near-term relocation obligation at significant expense to NECCO Candy. The plausible

allegations in the complaint further support a determination that Mr. McGee, in his dual capacity

as director of NECCO Candy and manager of NECCO Realty, acted for the benefit of

ACAS/Ares and to the detriment of NECCO Candy and its creditors while it was insolvent. The

trustee's claim for breach of the duty of loyalty as to Mr. McGee, therefore, will proceed to trial.

**Count VIII – Breach of Fiduciary Duties – Misconduct in Connection with Liquidating
NECCO Candy's Assets (McGee/Eaton/Weekes)**

GRANTED as to claims for breach of the duty of care with respect to each of the Moving

Defendants (*see* discussion as to Count I); DENIED as to claims for breach of the duty of loyalty

against Mr. McGee; GRANTED as to claims for breach of the duty of loyalty against Messrs.

Weekes and Eaton. The trustee does not assert any facts indicating that Messrs. Weekes or Eaton

were beholden to ACAS and/or Ares with respect to the alleged misconduct or that they derived

a personal benefit from the conduct at issue, so the complaint fails to state a claim for breach of

the duty of loyalty as to them. *See In re Cornerstone Therapeutics Inc, Stockholder Litigation*,

5

115 A.3d at 1180. The trustee plausibly alleges that Mr. McGee breached his duty of loyalty to NECCO Candy by intentionally failing to take necessary actions to preserve the value of NECCO Candy and/or to attempt to rehabilitate the company until after the transfer of the real property to Atlantic was consummated and the one year limitation period had expired with respect to potential avoidance actions arising out of preferential transfers to insiders of NECCO Candy including the filing of a renewed UCC financing statement. The allegations in the complaint plausibly support a determination that Mr. McGee did so for the benefit of ACAS/Ares and to the detriment of NECCO Candy and its creditors while it was insolvent. The trustee's allegations further support a finding that Mr. McGee had a conflict of interest arising out of his compensation arrangement which was allegedly linked to the sale of assets of NECCO Realty and that he acted at the direction of ACAS and/or Ares in connection with the improper scheme, and as a result he failed to act in the best interests of NECCO Candy and its creditors. *See In re Trados Inc. S'holder Litig.*, 2009 WL 2225958, *6, *8; *Gheewalla*, 930 A.2d at 101.

The Moving Defendants argue that the conduct alleged in Count VIII cannot support a claim for breach of the duty of loyalty because the course of conduct at issue was approved "by a majority-independent Board" consisting of Messrs. McGee, Katz, Chehi, Eaton, and Weekes. As discussed in connection with Count I above, the trustee has plausibly alleged that Mr. McGee was not disinterested in light of his compensation arrangement which was allegedly linked to the sale of assets of NECCO Realty. The complaint also contains plausible allegations that Messrs. Katz and Chehi were not disinterested for purposes of considering board action which stood to benefit ACAS and/or Ares, for whom they worked and by whom they were appointed. Accordingly, at least three of the five board members are alleged to have acted under conflicts of

6

interest. If such allegations are later established by the trustee, Mr. McGee will be required to

demonstrate at trial the "entire fairness" of the actions taken in order to successfully defend

against the claim for breach of the fiduciary duty of loyalty. *See Cumming v. Edens*, 2018 Del.

Ch. LEXIS 54, at *51 (Del. Ch. Feb. 20, 2018) (entire fairness standard, which requires

defendants to prove that challenged action was entirely fair to minority interest holders, applies

where there are insufficient independent directors to establish majority of board).


SO ORDERED:

January 31, 2020.

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge